E-FILED
Tuesday, 21 November, 2017  11:37:21 AM
Clerk, U.S. District Court, ILCD

**U.S. DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

CHRISTOPHER L. PARKER,                    )
Plaintiff,                                )  CASE NO. _____
                                          )
                    V                     )  MAGISTRATE JUDGE
                                          )
Illinois River Correctional Center        )
operations Department,                    )
                                          )
Ast.Warden: Bryan Baca,                   )
Lt. Bradly Johnson,                       )
Intel C/O Shawn Donnelson,                )
Intel C/O Jason Jester,                   )  JURY DEMAND
I/A C/O Jason Markley,                    )
Defendants.-                              )

FILED
NOV 2 1 2017
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT

1.   This civil action is brought under 42 U.S.C. § 1983 to redress the violation (or risk of future violations) of many inmates rights. This Court has jurisdiction under 28 U.S.C. § 1331 & 1343(a)(3). I ask for declatatory relief under 28 U.S.C. § 2201 & 2202. I also ask for injunctive relief under 28 U.S.C. § 2283 & 2284 and rule 65 of the Federal Rules of Civil Procedure.

2.   Venue is proper under 28 U.S.C. § 1391(b)(2) due to these events taking place within this district.

### II. PLAINTIFF

3.   I was incarcerated in the Illinois River Correctional Center at all times during these events.

### III. DEFENDANTS

4.The following defendants make up the Operations Department at the Illinois River Correctional Center. and are sued in their individual and official capacity.

5.   Ast. Warden: Bryan Baca is the warden of Operations at this facility.

6.   Lt. Bradly Johnson is the Operations Lt..

7. C/O Shawn Donnelson is the chief inter cordnator at this facility.

8. C/O Jason Jester is the intel C/O at this facility.

9. C/O Jason Markley is the I/A officer at this facility.

10. The operations department is in charge of all investigations that take place at this facility.

11. It was members of this department that investigated the alligations alleged herein.

## IV FACTS

12. In March 2017 myself, Richard DeLeon Jr., & Timothy Neloms filed case Numbers 17-cv-1115, 1118,& 1119 in this district Court.

13. On April 28, 2017 Judge: Harold Baker dismissed all three cases for lack of jurisdiction.

14. In May 2017, DeLeon was caught tatooing and was written a ticket for a saftey and sanitation violation & for Dangerous Contraband for the tatooing needle.

15. During the investigation for this ticket he was told by this office that if he would say that I charged him to put his pleading together then his ticket would be expunged, if he did not he would get a year in segragation for the dangerous contraband (tatoo needle).

16. He told them I charged him $150 to put his petition together., and on June 1,2017 he and Timothy Neloms both had a confrence call with the U.S. Attorney to try to have me criminaly charged. (False personation of a lawyer)

17. Because he had only spent just over $150 in the prior 6 months there was no way he could have paid me that and no charges were pressed.

2.

18.    On June 8,2017 Timothy Neloms needed to be moved off the wing he was on and was told by this office that the only way that was going to happen was if he said that I charged him "sexual favors" to put his petition together.

19.    In July 2017 he had a confrence call with the U.S. Attorney but again no charges were filed.

20.During the time these pleadings were being drafted I was in the cell with Kalief Ammen Y-18686. This was in February & March of 2017.

21.    On April 14,2017 I was moved out of the house with Ammen and DeLeon and was placed on the gallery were Neloms had been placed a few weeks earlier.(Neloms had to be moved a lot)

22.    On May 11,2017 This office called Ammen to their office and tried to get him to say that I had sexualy assaulted him while we were in the cell together.

23.    They told him that they knew we were messing around (Not true) and if he did not say I sexualy assaulted him they would give him a year in seg for sexual misconduct & impeding an investigation.

24.    Had he said this I would never have stood trial because the state would have moved for civil committment immediately.

25.    This would have made any challenge I had in court MOOT because I would no longer have had standing to challenge it.

26.    Had I been criminaly charged I would no longer have had standing to raise an MSR challenge because my MSR would have been violated immediately.

3.

## V. LEGAL CLAIMS

27.    I reincorparate by reference ¶s 1-26.

28.    These attempts to stop my court procedings were an attempt to interfere in Federal Litigation, and constitute a Federal Crime under 18 U.S.C. § 1512.

29.    These attempts were also an attempt to deny me my 1st Amendment right of access to the court and many others are at risk of them succeeding to stop their challenges in court and have their 1st Amendment right violated.

30.    These attempts were also cruel and unusual punishment due to the mental duress I was forced to suffer every time one of these people came to me and told me what had happened or what they had tried to get them to say.

31.    Cruel and unusual punishment is an 8th Amendment violation.

## VI. PRAYER FOR RELIEF

32.    A criminal investigation of this office.

33.    A declaration that my rights were violated.

34.    A preliminary injunction ordering this type of conduct stopped immeidately.

35.    Compensatory damages in the amount $500 to cover the cost of all the letters I have had to send out in an attempt to stop this.

36.    Punitive damages in the amount of $250,000.

37.    My cost for this suite.

38.    Any other relief this court deems just, proper and equitable.

## VERIFICATION

I declare under penalty of perjury that the statments made herein are true and correct to the best of my knowlege and belief.

4.

Executed at Canton IL on this 18th day of November 2017.

Christopher L. Parker
Reg. NO. S-07242
Illinois River C.C.
P.O. BOX 999
Canton, IL 61520

5.